4 138
110 572

## WITHERS v. KNOX.

1. Where the contract is to pay a sum of money in promissory notes, due at a specified time and to be endorsed by the defendant, it is not a sufficient breach to aver that " the defendant, though often requested, has not paid the said sum of money in the said promissory note specified."

WRIT of Error to the Circuit Court of Greene county.

Assumpsit on a note which is described in the declaration as bearing date the 20th November, 1838, whereby the defendant promised to pay to the plaintiff, for value received, (it being for six mules delivered to the defendant,) the sum of eight hundred and fifty dollars in notes due the first day of January then next, and these were to be endorsed by the defendant. The breach is in these words—" yet the said defendant, though often requsted so to do, hath not as yet paid to the said plaintiff the said sum of money in the said promissory note specified, or any part thereof."

The defendant demurred, and the Court gave final judgment on the demurrer in favor of the plaintiff. The defendant insists that this judgment is erroneous.

THORNTON, for the plaintiff in error, cited 5 Dana, 140; 1 Chitty Plead. 365; 7 Dana, 171.

Withers v. Knox.

CLARK, contra, relied on Brahan v. Debrell, 1 Stewart, 14; 1 Chitty Plead. 326.

GOLDTHWAITE, J.—The breach in this case is clearly insufficient. The contract is to pay a certain sum in promissory notes, due at a specified time; the money could not be demanded on this contract until there had been a failure to deliver notes according to the agreement, therefore an averment that the money was not paid, is not sufficient to show that the contract was broken.

It is said by Mr. Chitty, that the allegation of the breach, must obviously be governed by the nature of the stipulation. It should be assigned in the words of the contract, either negatively or affirmatively; or in words which are co-extensive with the import and effect of it. [1 Chitty on Plead. 365.] And in general, if a breach be assigned in words containing the sense and substance of the contract, it is sufficient. [Ib. 366.] The sense and substance of this contract is to pay promissory notes, endorsed by the defendant, and cannot be construed as an absolute engagement to pay a sum of money, without a manifest violation of the intention of the parties. It is not material to consider what consequences flow from the breach of this contract, with respect to the ascertainment of damages, because that is not the matter now to be determined: the only question is as to what constitutes a breach of the contract. If the form of the instrument was slightly varied, and so as to read, "to pay to the plaintiff promissory notes to the amount of eight hundred and fifty dollars, due on the first January," it would free the subject from all doubt; yet in that form the contract would have no term involved which is not now contained in it, and consequently must be the same in its legal effect.

We are satified the declaration is not sufficient on demurrer. Let the judgment be reversed and the cause remanded.